**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**


**UNITED STATES OF AMERICA**                    **CRIMINAL ACTION**

**VERSUS**                                       **NO. 15-185**

**LEROY SMITH**                                  **SECTION: "B"(4)**

**ORDER & REASONS**

Considering defendant Leroy Smith's "Motion to Withdraw Plea of Guilty And/Or Sentence of October 30, 2019"" (Rec. Doc. 285),

**IT IS ORDERED** that the motion to withdraw plea and sentence is **DISMISSED**. A notice of appeal was previously filed. Rec. Doc. 282. To correct falsehoods in defendant Leroy Smith's motion, the following findings are submitted.

The standard for withdrawing a plea at the post-sentencing stage has been described as "stringent" by the United States Fifth Circuit Court of Appeals. *U.S. v. Hoskins*, 910 F. 2d 309, 311 (5th Cir. 1990). "A defendant seeking to withdraw a plea of guilty at the post-sentencing stage is obligated to show 'a fundamental defect which inherently results in a complete miscarriage of justice' or 'an omission inconsistent with rudimentary demands of fair procedure.'" *Id*.

Defendant Leroy Smith has not met this high burden with the simple statement, that he was "literally manipulated and induced . . . to plead guilty" by his attorney John Harvey Craft, with

1

nothing more. Rec. Doc. 285 at 2. Defendant suggests that "[a]fter being informed by counsel that he [would] receive life or the death penalty, he began to fear for his life and accepted the plea because he didn't want to die behind drugs he actually had no knowledge of." *Id*. at 3. This contention by Smith is directly contradicted by his sworn testimony at the June 24, 2019 rearraignment and self-acknowledged written plea agreement, and factual basis documents. Rec. Docs. 259, 260. He also reconfirmed during the presentence investigation the factual basis for his plea and agreement. See PSR at Rec. Doc. 276, at paragraph 98.

Defendant also contends that he did not "have adequate time to think, and/or consider whether he made an adequate and sufficient plea of guilty." *Id*. at 3. The record states Smith actively participated in several proceedings before the court with benefit of counsel for about a year. Smith's second guilty plea was knowingly and voluntarily made by him and accepted on that basis on June 24, 2019. Rec. Doc. 250.

Defendant's contention that "No presentence investigation was conducted" is also incorrect. *Id*. at 3. United States Probation submitted a thirty-four (34) page presentence investigation report with no objections. Rec. Doc. 276. Defendant also errs in claiming his guilty plea and sentence occurred on the same date. As stated

2

above, and after due hearings held, the record shows the guilty plea occurred in June 2019 and sentence was pronounced on October 2019. Rec. Docs. 250, 280-281.

New Orleans, Louisiana this 13th day of November, 2019

                                            *[signature]*
                                  SENIOR UNITED STATES DISTRICT JUDGE