**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| VERSUS | NO. 15-185 |
| LEROY SMITH | SECTION "B"(4) |

**ORDER AND REASONS**

Considering defendant Leroy Smith's motion for compassionate release (Rec. Doc. 347), the government's response (Rec. Doc. 349), and Smith's reply (Rec. Doc. 352),

**IT IS ORDERED** that the motion (Rec. Doc. 347) is **DENIED**.

**LAW AND ANALYSIS**

**A. Exhaustion of Administrative Remedies**

A motion to reduce sentence under 18 U.S.C. § 3582(c)(1)(A) may be granted only if filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. . . ." 18 U.S.C. § 3582(c)(1)(A). If the defendant can show that he exhausted all administrative remedies, the court may reduce the defendant's term of imprisonment upon a finding that "(i) extraordinary and compelling reasons warrant such a reduction" and "(ii). . .such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

1

Here, it is undisputed that Smith has satisfied the exhaustion requirement on two separate occasions where he sought administrative relief through BOP and the warden subsequently denied his request for compassionate release. *See* Rec. Docs. 349 at 7, 349-2, 349-3, 349-4, 349-6. The latest denial by the warden was dated December 14, 2020. Rec. Doc. 349-6. Because Smith files the instant motion for compassionate release after 30 days of receipt by the warden of his facility, the motion is properly before this Court, and we may proceed to the merits.

**B. Extraordinary and Compelling Circumstances**

Where the defendant seeks compassionate release on the basis of his underlying medical conditions, "extraordinary and compelling" reasons exist when the defendant, who does not pose a danger to the community, is suffering from a terminal illness[1], a serious physical or medical condition, serious functional or cognitive impairment, or experiencing deteriorating physical or mental health because of age that substantially diminishes the defendant's ability to provide self-care. *United States v. Henderson*, No. 11-271, 2020 WL 2850150, at *2 (E.D.La. June 2, 2020)(Milazzo, J.)(citing U.S.S.G. 1B1.13).

Here, Smith contends that he is an eligible candidate for compassionate release because he suffers from hepatitis-C,

---

[1] The Sentencing Commission included the following examples of a "terminal illness": metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia. *See* U.S.S.G. 1B1.13.

obesity, major depressive disorder, hypertension and prediabetes. Rec. Doc. 347 at 7; *see* Rec. Doc. 347-2 at 29. Smith also claims that he is allergic to the flu shot and will likely experience severe reactions to the COVID-19 vaccine. Rec. Doc. 347 at 6.

The Fifth Circuit found that a defendant's hypertension, obesity, and diabetes were not so extraordinary because they are commonplace among Americans and can be properly treated with medication. *United States v. Thompson*, 984 F.3d 431, 434 (5th Cir. 2021); *see United States v. Hernandez*, No. 6:97-CR-60039-01, 2020 WL 5648332, at *4 (W.D.La. Sept. 21, 2020)(defendant's bi-polar disorder, hypertension, hepatitis-C, astigmatism, and severe depression are "not consistent with extraordinary or compelling circumstances as provided by the policy statement and its commentary"). While obesity does present a higher risk of COVID-19 infection, courts have nevertheless found that it does not warrant compassionate release, especially if the record indicates that the defendant's condition can be adequately managed by either himself or BOP. *United States v. Sentimore*, No. 4-382, 2020 WL 7630778, at *2 (E.D.La. Dec. 22, 2020)(Lemmon, J.)("The [defendant's medical] records do reflect that defendant is morbidly obese, and has been counseled by prison medical staff concerning this."); *United States v. Gheith*, No. 14-69, 2020 WL 5850162, at *4 (E.D.La. Oct. 1, 2020)(Africk, J.); *United States v. Brumfield*, No. 13-94, 2020 WL 4747710, at *5 (E.D.La. Aug. 17,

2020)(Africk, J.); *United States v. Takewell*, No. 3:14-00036, 2020 WL 4043060, at *3 (W.D.La. July 17, 2020).

Additionally, this Court often considers the quality of medical care an inmate receives in response to his reported ailments. *United States v. Ellis*, No. 15-124, 2020 WL 5073562, at *4 (E.D.La. Aug. 26, 2020)("The medical records suggest Ellis's medical concerns [including hepatitis-C] have been, or are currently being, managed by BOP."); *United States v. Wilfred*, No. 07-351, 2020 WL 4365531, at *4 (E.D.La. July 30, 2020)(Africk, J.)(defendant's medical records indicated that he was receiving continuous treatment and medication to manage his hypertension); *United States v. Mazur*, 457 F.Supp.3d 559, 563 (E.D.La. 2020)(Africk, J.)("Notably absent from Mazur's motion is any assertion that the BOP is not providing him with adequate medical care.").

A review of Smith's medical records demonstrates that he is receiving proper care for his various conditions, especially his hepatitis-C and obesity. *See generally* Rec. Doc. 347-2. The government provided Smith's most updated medical records, which indicate that Smith had reportedly felt better, lost some weight, and completed treatment for his hepatitis-C. It also appears that Smith was not consistently attending treatment or taking medication as advised by BOP medical personnel, but during his last reported clinic visit, he stated that he was complying with

4

medication instructions.[2] As such, while we acknowledge the risks associated with some of Smith's illnesses, his medical records show that his health can be properly managed by both BOP and himself.

Additionally, Smith's assertion that continued incarceration will make him more susceptible to contracting COVID-19 is likewise unavailing to warrant immediate release. *See* Rec. Docs. 347 at 7, 352 at 2-3. Courts have consistently held that "general concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence." *Henderson*, 2020 WL 2850150, at *3; *see U.S. v. Raia*, 954 F.3d 594, 597 (3rd Cir. 2020)("the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release"). Therefore, because Smith has not shown an extraordinary and compelling reason to justify a sentence reduction, we cannot grant him the requested relief.

**C. Safety to Others and Community and Section 3553(a) Factors**

A compassionate release movant must also demonstrate that he "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g). *United States v.*

---

[2] It is worth noting that some of Mr. Smith's failed appearances for clinic visits were beyond his control, including unforeseeable disruptions caused by COVID-19, lockdowns in view of nationwide civil unrest, and routine move schedules. *See generally* Rec. Doc. 349-7.

5

*Reed*, 464 F.Supp.3d 854, 860 (E.D.La. 2020)(citing U.S.S.G. 1B1.13). Accordingly, the court must consider factors such as the nature and circumstances of the charged offense, the history and characteristic of the defendant, and the nature of seriousness of the danger to a person or the community at large posed by the defendant's release. *Reed*, 464 F.Supp.3d at 860 (citing 18 U.S.C. § 3142(g)); *see Mazur*, 2020 WL 2113613, at *5 ("The nature and circumstances of the instant offense combined with Mazur's history of violent crimes demonstrate that he would be a danger to the community if released.").

Prior to committing the instant offense, Smith had been convicted of various drug and burglary offenses between the ages of 22 and 27. Smith's criminal history also shows numerous instances of his willful indifference to the law and the terms of his parole for prior convictions by committing new offenses. In the instant offense, Smith was the subject of a DEA investigation, wherein Smith and his co-conspirators were discovered to have sold fentanyl-laced heroin to unsuspecting addicts seeking to just purchase heroin. When law enforcement agents later arrested Smith for his role in the conspiracy, he was reportedly located in a house with heroin and two firearms. After Smith was being transported to the local prison, law enforcement found 9.9 grams of heroin tied to Smith's genitals.

Smith acknowledges the severe nature of his criminal history by expressing his remorse for his "callous actions" and a desire to participate in community-based mentorship programs upon his release. Rec. Doc. 352 at 7. While this Court recognizes Smith's acceptance of responsibility for his prior misconduct, we are constrained from concluding that he would not present a danger to the community upon early release, given his well-documented history of parole violations and the nature of the instant narcotics offense.

In addition to the lack of extraordinary and compelling circumstances and the risk of danger to the community, we also find that the section 3553(a) factors weigh against compassionate release. In cases where compassionate release was granted, the defendants therein "already served the lion's share of their sentences and presented multiple, severe, health concerns." *Thompson*, 984 F.3d at 434-35; *see United States v. Chambliss*, 948 F.3d 691, 694 (5th Cir. 2020)(upon consideration of the 3553(a) factors, "releasing Chambliss after serving only 14 years of a 30-year sentence minimizes both the impact of [Chambliss'] crime and seriousness of the offense").

Here, Smith has served roughly 70 months of his 211-month sentence for the drug-trafficking conspiracy and possession of firearms in furtherance of drug-trafficking. Rec. Doc. 280. After balancing the section 3553(a) factors, we find that Smith's early

release from custody after serving approximately one-third of his sentence would mitigate the serious nature of the instant offense. Therefore, in view of Smith's criminal history, the instant offense, and the danger he likely poses to the community upon early release, this Court is not persuaded that compassionate release should be granted.

New Orleans, Louisiana this 18th day of June, 2021

_____
SENIOR UNITED STATES DISTRICT JUDGE